UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ROBERT LEE DRAIN #235684,

        Plaintiff,                      Case No. 2:09-cv-165
                                                     HON. ROBERT HOLMES BELL

v.

ROBIN MCCARTHY, et. al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Lee Drain, an inmate currently confined at Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C §1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include Robin McCarthy, who is Regional Accountant Manager for the MDOC and supervises Accounting Assistants at MBP, Pugsley Correctional Facility, and Baraga Maximum Correctional Facility, and Tami Paul who is an Accounting Assistant at MBP.

Plaintiff alleges that he did not receive the documentation that he needed to file an application for leave to appeal in a timely manner. Plaintiff claimed that on March 2, 2009, he filed his application for leave to appeal to the Clerk of the Court. On March 2 or 3, 2009, the Clerk of the Court sent Plaintiff a notice stating that he had failed to attach an institutional account statement to his application and had 21 days to send account statements to the Clerk of the Court. Plaintiff asserts that on March 3, 2009, he sent a "kite" to Prisoner Accounts, requesting an account

statement/certificate. On March 5, 2009, Plaintiff again filed a request for an account statement and stated he had a deadline of March 12, 2009. On March 16, 2009, Plaintiff wrote another "kite" requesting account statements. On March 23, 2009, Plaintiff received the trust account statement signed by Defendant Tami Paul. The Michigan Court of Appeals subsequently denied Plaintiff's application for leave to appeal for failure to correct the defect in a timely manner. Plaintiff claims that Defendant Paul acknowledged receiving the request on March 9, 2009, but did not process the request until March 17, 2009, causing Plaintiff to miss his deadline.

MDOC policy and procedure ensures that a prisoner's request for financial information for court filings will be processed within five business days of receipt of the request in the business office, provided the prisoner supplies the appropriate information when he submits the request. Defendants claim that the request was received in the business office on March 9, 2009. Therefore, Defendants assert that even if the information had been supplied within the time frame set forth by policy, Plaintiff would have missed his March 12, 2009, filing deadline.

Plaintiff claims that Defendants' actions violated his First Amendment right to access the courts by failing to supply requested financial information in a timely manner. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

Presently before the Court is Defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must

demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants claim that Defendant McCarthy is entitled to summary judgment because he was not personally involved in the underlying misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d

1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant McCarthy was personally involved in the activity which forms the basis of his claim. The only involvement that Defendant McCarthy had in this case was that he is Defendant Paul's supervisor. Accordingly, the Court concludes that Defendant McCarthy is entitled to summary judgment for lack of personal involvement.

In addition, Defendants assert that Defendant Paul is entitled to summary judgment because she was not the proximate cause of Plaintiff's missed filing deadline. Defendants note that, contrary to Plaintiff's assertion, the certificate of prisoner account activity offered by Plaintiff which bears the date "March 23, 2009," does not relate to a criminal appeal, but to a civil action, *Drain v. MDOC*. (*See* exhibits to Plaintiff's amended complaint, docket #5.)

Defendants state that according to MDOC Policy Directive 04.02.107 ¶ I, whenever a prisoner requests a history of his trust account for litigation, he shall also be provided a Certificate of Prisoner Account Activity within five business days after receipt by the institution's business office of a request, provided it contains the information required to prepare the history and Certificate. (*See* Defendants' Exhibit E, p. 3.) Defendants offer a copy of Plaintiff's request for financial information for a criminal appeal dated March 5, 2009, which was received in the business office on Monday, March 9, 2009. (*See* Defendants' Exhibit C.) Under the MDOC policy directive, staff had until Tuesday, March 16, 2009, to process the request and supply the information. In the request, Plaintiff stated that his filing deadline was March 12, 2009. Defendants contend that even if staff had supplied the information within the time frame provided by MDOC policy, Plaintiff would have missed his filing deadline.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates "with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In *Dorn v. Lafler*, 601 F.3d 439 (6th Cir. 2010), the prisoner claimed that his First Amendment right to access to the courts was violated when a delay in mailing his appeal papers resulted in the dismissal of his appeal of right by the Michigan Court of Appeals. The Sixth Circuit held that prisons have an obligation to timely mail court documents when prisoners have been diligent and punctual in submitting them to prison officials. The prisoner gave his appeal papers to prison officials seven days before they had to be received by the Michigan Court of Appeals. The court concluded that seven days was a reasonable amount of time within which to mail the

documents such that they would be received before the filing deadline. The court further held that an access to the courts violation occurred regardless of whether prison officials intended to prevent the prisoner from pursuing his appeal. Moreover, the court found that prejudice is presumed where the failure resulted in the denial of an entire judicial proceeding. Even if prejudice was not presumed, the court found that the prisoner established prejudice because his delayed application for leave to appeal involved additional hurdles before a prisoner can receive a merits review of his claims.

In the opinion of the undersigned, the instant case is analogous to *Dorn* in that Plaintiff gave prison officials his request seven days before the filing deadline. The evidence in the record shows that Plaintiff's request was dated March 5, 2009, and his filing deadline was March 12, 2009. Therefore, in light of the Sixth Circuit's decision in *Dorn v. Lafler*, Defendant Paul is not entitled to summary judgment.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power

irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, Defendant McCarthy is entitled to qualified immunity because Plaintiff cannot establish that his constitutional rights were violated by Defendant McCarthy.

With regard to Defendant Paul, the court notes that at the time of his alleged misconduct, the Sixth Circuit had not yet decided *Dorn v. Lafler.* In fact, the court in the Eastern District of Michigan found that Plaintiff Dorn's right of access to the courts had not been violated. *Dorn, v Lafler*, 2008 WL 724365, *6 (E.D. Mich. Mar. 18, 2008). In addition, as noted above, Plaintiff's request was received in the business office on Monday, March 9, 2009. (*See* Defendants' Exhibit C.) Under the MDOC policy directive, staff had until Tuesday, March 16, 2009, to process the request and supply the information. In the request, Plaintiff stated that his filing deadline was March 12, 2009. Therefore, even if staff had supplied the information within the time frame provided by MDOC policy, Plaintiff would have missed his filing deadline.

In determining whether a clearly established right exists, the district court looks first to the binding precedent of the Supreme Court, then to that of the Sixth Circuit, and then finally to decisions of other jurisdictions. *Wegener*, 933 F.2d at 392; *Masters v. Crouch*, 872 F.2d 1248, 1251-52 (6th Cir.), *cert. denied sub nom*, *Frey v. Masters*, 493 U.S. 977 (1989); *Poe v. Haydon*, 853 F.2d

418 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989); *Ohio Civil Service Employees Assn. v. Seiter*, 858 F.2d 1171, 1177 (6th Cir. 1988). Public officials are expected to be aware of clearly established law specifically governing their conduct. *Long v. Norris*, 929 F.2d 1111, 1115 (6th Cir.), *cert. denied sub nom*, *Jones v. Long*, 502 U.S. 863 (1991).

While defendants bear the initial burden of presenting facts that, if true, would entitle them to immunity, the ultimate burden of proof falls on the plaintiff to show that the defendants violated a right so clearly established that any official in defendants' positions would have clearly understood that he was under an affirmative duty to refrain from such conduct. *Noble*, 87 F.3d at 161; *Wegener*, 933 F.2d at 392. The undersigned is unaware of any established law prior to the Sixth Circuit's decision in *Dorn v. Lafler*, which stated that seven days was a reasonable amount of time within which to mail documents such that they would be received by the court before the filing deadline. The *Dorn* case clearly established that prison officials had an obligation to prisoners to ensure timely delivery within seven days. There is, however, no clearly established law prior to *Dorn* that would have put Defendant Paul on notice of his obligation to ensure mailing within seven days. Therefore, the undersigned recommends that Defendant Paul be granted qualified immunity.

In summary, in the opinion of the undersigned, Defendants' motion for summary judgment (docket #11) should be granted and this case should be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and

recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 11, 2010