UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT LEE DRAIN #235684,

       Plaintiff,

v.

       File No. 2:09-CV-165

       HON. ROBERT HOLMES BELL

ROBIN McCARTHY, et al.,

       Defendants.
                          /

**ORDER DECLINING TO ADOPT
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 11, 2010, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 11) be granted and that this action be dismissed in its entirety. (Dkt. No. 23, R&R.) Plaintiff Robert Lee Drain filed objections to the R&R on August 26, 2010. (Dkt. No. 26.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff alleges in his complaint that Defendants violated his First Amendment right to access the courts by failing to supply requested financial information in a timely manner,

which prevented Plaintiff from timely filing his application for leave to appeal. The R&R recommends that Defendant McCarthy, Regional Account Manager for the MDOC, be granted summary judgment because Plaintiff has not alleged facts establishing that Defendant McCarthy was personally involved in the underlying misconduct which forms the basis of Plaintiff's claim, (R&R 5). The R&R also recommends that Defendant Tami Paul be granted summary judgment on the basis of qualified immunity because the right allegedly violated was not clearly established.

Plaintiff objects to the recommendation that his claims against Defendant McCarthy be dismissed because he was denied discovery. In response to Defendants' motion for summary judgment, Plaintiff filed an affidavit indicating that Defendant McCarthy failed to remedy the violation after learning about it, and that Plaintiff needed discovery of the MDOC's grievance log book in order to show how many times this issue was reported by inmates and what Defendant's McCarthy's response was. (Dkt. No. 18, Pl.'s Resp., Drain Aff. ¶ 8.)

The R&R did not address Plaintiff's affidavit. On *de novo* review the Court concludes that because Plaintiff presented a Rule 56(f) affidavit explaining why he needed discovery to substantiate his claim that Defendant McCarthy had knowledge of his employees' repeated failures to process prisoner account requests in a timely fashion and failed to take steps to address the problem, it would be premature to dismiss Plaintiff's claims against McCarthy for lack of personal involvement.

Plaintiff also objects to the R&R's conclusion that this case is analogous to *Dorn v. LAfler*, 601 F.3d 439 (6th Cir. 2010), because *Dorn* did not involve a violation of a mandatory prison policy. Plaintiff notes that the MDOC policy regarding prisoner account statements provides that the trust account history and certificate "shall be sent to the prisoner within five business days after receipt." PD 04.02.107 ¶ I. Plaintiff contends that this mandatory language created a substantive due process right.

Defendant Paul's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007) ("[A] § 1983 claim may not be based upon a violation of state procedure that does not violate federal law."); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

In addition, the Substantive Due Process Clause does not provide any basis for relief. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir.1993)). Plaintiff's allegations in this case fail to meet this formidable standard, and, thus, he fails to state a claim that his substantive due process rights were violated.

The R&R determined that there were issues of fact under *Dorn v. Lafler*, as to whether Defendant Paul violated Plaintiff's constitutional rights. The R&R nevertheless recommends that Defendant Paul be granted qualified immunity on the basis that *Dorn* was decided after the alleged misconduct in this case, and prior to *Dorn* there was no clearly established law that would have put Defendant Paul on notice of "his obligation to ensure mailing within seven days." (R&R 9.)

The Court believes that the Magistrate Judge described the right that was allegedly violated too narrowly. Although there was no clearly established law requiring the prison to respond to requests for prisoner trust account histories within seven days, the law was clearly established that prisoners have a constitutional right of access to the courts and that states have "affirmative obligations to assure all prisoners meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 824 (1977). The Sixth Circuit noted in *Dorn*, without citation to authority, that "[c]onsistent with their other affirmative obligations, prisons have an obligation to timely mail court documents when prisoners have been diligent and punctual in submitting them to prison officials." 601 F.3d at 444. The Sixth Circuit declined to determine what constitutes "a reasonable time within which prison officials should receive documents from prisoners for their proper submission to the courts." *Id.* at 444 n.2. The Court concludes that the law was clearly established that ensuring meaningful access to the courts means providing the necessary financial documents that are uniquely within the prison's possession and control within a reasonable time. In this case Defendant Paul

4

indicates that she received Plaintiff's March 5 kite requesting a court certificate on March 9, and that she returned it to him on March 17. Whether her delay in processing Plaintiff's request was "reasonable" is a question of fact.

Finally, the Court questions the statement in the R&R that even if staff had supplied the information within the time frame provided by MDOC policy, Plaintiff would have missed his filing deadline of March 12. (R&R 8.) While this statement suggests that Plaintiff was not prejudiced by the delay, there are questions of fact presented in the documentation as to whether the filing deadline was March 12 or Mach 21. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 26 ) are **SUSTAINED IN PART and OVERRULED IN PART**.

**IT IS FURTHER ORDERED** the August 11, 2009 R&R (Dkt. No. 23) is **NOT ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 11) is **DENIED**.


Dated: September 30, 2010            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE

5