UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ROBERT LEE DRAIN #235684,

        Plaintiff,           Case No. 2:09-cv-165
                                   HON. ROBERT HOLMES BELL
v.

ROBIN MCCARTHY, et. al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Robert Lee Drain, an inmate currently confined at the Macomb Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C §1983, against defendants Robin McCarthy, who is Regional Accountant Manager for the MDOC and supervises Accounting Assistants at Marquette Branch Prison (MBP), Pugsley Correctional Facility, and Baraga Maximum Correctional Facility, and Tami Paul who is an Accounting Assistant at MBP. This matter is set for trial on March 23, 2011.

Plaintiff alleges that he did not receive the documentation that he needed to file an application for leave to appeal in a timely manner. Plaintiff claimed that on March 2, 2009, he filed his application for leave to appeal to the Clerk of the Court. On March 2 or 3, 2009, the Clerk of the Court sent Plaintiff a notice stating that he had failed to attach an institutional account statement to his application and had 21 days to send account statements to the Clerk of the Court. Plaintiff asserts that on March 3, 2009, he sent a "kite" to Prisoner Accounts, requesting an account

statement/certificate. On March 5, 2009, Plaintiff again filed a request for an account statement and stated he had a deadline of March 12, 2009. On March 16, 2009, Plaintiff wrote another "kite" requesting account statements. On March 23, 2009, Plaintiff received the trust account statement signed by Defendant Tami Paul. The Michigan Court of Appeals subsequently denied Plaintiff's application for leave to appeal for failure to correct the defect in a timely manner. Plaintiff claims that Defendant Paul acknowledged receiving the request on March 9, 2009, but did not process the request until March 17, 2009, causing Plaintiff to miss his deadline.

MDOC policy and procedure ensures that a prisoner's request for financial information for court filings will be processed within five business days of receipt of the request in the business office, provided the prisoner supplies the appropriate information when he submits the request. Defendants claim that the request was received in the business office on March 9, 2009.

Plaintiff claims that Defendants' actions violated his First Amendment right to access the courts by failing to supply requested financial information in a timely manner. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. Defendants' initial motion for summary judgment was denied by the court. Defendant McCarthy argued lack of personal involvement. The court indicated that plaintiff was entitled to discovery on this issue to determine if Defendant McCarthy was personally involved in the alleged unconstitutional conduct. Further, the court determined that whether defendant Paul's delay in processing the mail was unreasonable was a question of fact.

Presently before the Court is Defendants' renewed motion for summary judgment, pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment

as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue). Plaintiff has not responded to Defendants' motion.

Defendants argue that Plaintiff's official capacity claims against them should be dismissed under the Eleventh Amendment. Further, Defendants claim that Plaintiff's request for injunctive relief is now moot because he is no longer housed at MBP. To the extent that Plaintiff is suing the individual Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against

a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).

Further, plaintiff's claim for injunctive relief, in the opinion of the undersigned, is moot by his transfer from MBP, because he is no longer under the control or custody of the Defendants. In unreported opinions, the Sixth Circuit has repeatedly held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *See for example*, *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanation of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where Plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the Plaintiff will be subjected to the illegal conduct again. *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the present action, the possibility that Plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that Plaintiff will be returned to MBP and be subjected to these allegedly unconstitutional conditions by the same Defendants. Thus, there is no evidence of "immediate danger" of injury. Accordingly, in the opinion of the undersigned, Plaintiff's requests for injunctive relief should be dismissed.[1]

Defendants reassert the argument that Defendant McCarthy is entitled to summary judgment because he was not personally involved in the underlying misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if Plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and

---

[1] The exception which provides that a claim does not become moot where it is capable of repetition, yet evades review, does not apply. This doctrine applies only in exceptional circumstances, and generally only where the plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109. This the plaintiff cannot do here.

that this failure resulted in a denial or deprivation of Plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, Plaintiff must show that Defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

> Initially, this court rejected this argument to allow discovery on this issue:
>
> Plaintiff objects to the recommendation that his claims against Defendant McCarthy be dismissed because he was denied discovery. In response to Defendants' motion for summary judgment, Plaintiff filed an affidavit indicating that Defendant McCarthy failed to remedy the violation after learning about it, and that Plaintiff needed discovery of the MDOC's grievance log book in order to show how many times this issue was reported by inmates and what Defendant's McCarthy's response was. (Dkt. No. 18, Pl.'s Resp., Drain Aff. ¶ 8.)

> The R&R did not address Plaintiff's affidavit. On de novo review the Court concludes that because Plaintiff presented a Rule 56(f) affidavit explaining why he needed discovery to substantiate his claim that Defendant McCarthy had knowledge of his employees' repeated failures to process prisoner account requests in a timely fashion and failed to take steps to address the problem, it would be premature to dismiss Plaintiff's claims against McCarthy for lack of personal involvement.

Order Declining to Adopt Magistrate Judge's Report and Recommendation, Docket #28, at p.2.

Defendant McCarthy explains that she supervises nine accounting assistants at three facilities. Defendant McCarthy states that she was not personally involved in processing Plaintiff's request for an account statement. Defendant McCarthy states that she does not condone her "subordinate staff's delayed processing of prisoner requests for information." Records show that Plaintiff made a request for an account statement, date stamped on March 9, 2009, for a twelve month account statement. Plaintiff indicated that he had a deadline in seven days, or on March 12, 2009, to provide the information. It is policy to send an account history within five business days from the date requested. Under policy, since plaintiff's letter was received on March 9, 2009, the prison had until March 16, 2009, before the expiration of five business days to respond. The information was actually provided within six business days. When defendant McCarthy learned of this error she counseled her staff. The only involvement that Defendant McCarthy had in this case was as a supervisor. Plaintiff has presented no evidence showing personal involvement by Defendant McCarthy. Accordingly, it is the opinion of the undersigned, that Defendant McCarthy is entitled to summary judgment for lack of personal involvement.

In addition, Defendant Paul argues that Plaintiff's case was dismissed also for failing to supply copies of the trial transcripts. Defendant Paul argues that even if the Account Statement was timely supplied, Plaintiff's case would still have been dismissed.[2]

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates "with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

---

[2]Moreover, although not argued by specifically in this manner by defendant, although defendant may have violated policy by supplying the account statement late on March 17, 2009, it appears that plaintiff had the information in time to prevent his case from being dismissed for failure to provide the account statement. Plaintiff's larger problem was his failure to provide trial transcripts.

On March 3, 2009, the Michigan Court of Appeals sent Plaintiff a letter stating:

This office has received your papers in the above captioned matter. I regret to inform you that your submission is defective because it was not accompanied by the following:

-a copy of your prisoner account statement for the last 12 months

-a copy of the transcripts or transcript pages substantiating the issues raised in the application.

Note: Please do not send your original copies of transcripts or transcript pages because this Court cannot return them.

Unless the above is filed within 21 days of the date of this letter, your appeal may be dismissed for failure to pursue the case in conformity with the rules. . . .

In addition to requesting an account statement from Defendant Paul, Plaintiff requested that the Saginaw Circuit Court send his trial transcripts to the Michigan Court of Appeals. Plaintiff made this request in a letter dated April 9, 2009. On April 24, 2009, Judge William A. Crane denied Plaintiff's request as moot because Plaintiff's Michigan Court of Appeals case had been dismissed on April 13, 2009. Although Plaintiff received his Account Statement late, his case still would have been dismissed for failing to provide his court transcript. The failure to receive a court transcript was not Defendant's fault or responsibility. In the opinion of the undersigned, this case should be dismissed.

Plaintiff filed a motion for discovery on December 13, 2010, claiming that defendants failed to respond to his discovery request mailed to defendants' attorney on November 11, 2010. Discovery in this case was to be completed on December 6, 2010. Defendants claim that they received plaintiff's discovery request on December 17, 2010. Defendants argue that Plaintiff's motion to compel was filed prematurely before they had an opportunity to respond to the discovery.

Defendants have since responded to Plaintiff's requests. In the opinion of the undersigned, Plaintiff's motion should be denied as moot.

In summary, in the opinion of the undersigned, Defendants' motion for summary judgment (Docket #35) should be granted and this case should be dismissed in its entirety. It is further recommended that Plaintiff's motion to compel discovery (Docket #40) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: January 20, 2011